IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                           )<br>)  Criminal No.: 1:22-cr-00119-CJN<br>)<br>STERLING CARTER              )<br>)<br>**Defendant.**                     )<br>_____) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States, by and through its undersigned attorneys, respectfully submits its sentencing memorandum in the above-captioned case. For the reasons discussed herein, and any other points and authorities made at the sentencing hearing, the government recommends that the defendant be sentenced within the Guidelines range of 12 to 18 months incarceration.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On April 7, 2022, the defendant pleaded guilty to a one-count Information charging him with theft of public funds, in violation of 18 U.S.C. § 641. As set forth in the defendant's Statement of Offense[1], the defendant admitted that he stole $79,491.67 of public funds while he was employed as the Director of Operations for Congressman A's congressional office. The defendant did this by submitting fraudulent paperwork to the House Office of Payroll and Benefits ("OPB"). Specifically, the defendant submitted fraudulent and unauthorized Payroll Authorization Forms ("PAFs") that caused OPB to pay the defendant an unauthorized bonus and an unauthorized six-figure salary for more than a year. To effectuate his crime, the defendant admitted that he forged

---

[1] A review of the docket for this case shows that the defendant's signed plea agreement and statement of offense were not docketed. The Information (ECF No. 15), waiver of jury trial (ECF No. 18), and waiver of indictment (ECF No. 19) were all properly docketed.

1

Congressman A's signature or made unauthorized use of Congressman A's signature stamp on the fraudulent PAFs. The defendant admitted he tried to conceal his scheme by falsifying a spreadsheet Congressman A's office used to track employee salaries and bonuses and by falsely communicating to Congressman A and Congressman A's Chief of Staff that the defendant's salary and bonuses were maintained at authorized levels.

## II. SENTENCING GUIDELINES CALCULATION

The defendant's sentencing guidelines, as set forth by the United States Sentencing Commission Guidelines ("U.S.S.G." or the "Guidelines"), calculated in the Presentence Investigation Report ("PSR"), with which the government agrees, are as follows:

| | |
|---|---|
| Base Offense Level | 6 (§ 2B1.1) |
| Loss Amount (More than $40,000) | 6 (§ 2B1.1(b)(1)) |
| Abuse of a Position of Trust | 2 (§ 3B1.3) |
| Acceptance of Responsibility | -2 (§ 3E1.1(a)) |
| | |
| <u>Total Offense Level:</u> | <u>12</u> |
| | |
| Criminal History Category II | 2 points |
| Guidelines Sentencing Range | 12-18 months |

ECF No. 21, PSR ¶¶ 42-52.

## III. LEGAL STANDARD IN FASHIONING AN APPROPRIATE SENTENCE

This Court is afforded "wide discretion" in assigning an appropriate sentence to a defendant. *See United States v. Ayers*, 795 F.3d 168, 177 (D.C. Cir. 2015). "[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446 (1972). In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Guidelines advisory and emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Booker*, 543

U.S. at 264.  The Guidelines should "be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

The court "should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."  *Gall*, 552 U.S. at 49.  The factors in 18 U.S.C. § 3553(a) courts consider include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment, (3) the Sentencing Guidelines and types of sentences available, (4) any related Sentencing Commission policy statements, and (5) the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).  The § 3553(a) factors should be weighed in light of the applicable Guidelines and underlying policies.  *See Gall*, 552 U.S. at 49.  A sentence "within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness."  *United States v. Law*, 528 F.3d 888, 902 (D.C. Cir. 2008) (quotations and citations omitted).

IV.  **ARGUMENT**

The Court should sentence the defendant to a period of incarceration within the applicable Guidelines range.  This sentence would be sufficient, but not greater than necessary, in this case for two reasons.  First, the defendant's criminal conduct constituted a serious breach of the public trust.  As a Director-level employee of a United States Congressman, the defendant occupied a taxpayer-funded position that held significant responsibility.  The defendant was responsible for ensuring that taxpayer dollars allocated for employees' salaries and bonuses were properly and lawfully used.  Instead of taking this responsibility seriously, the defendant decided to selfishly

use that responsibility to illegally enrich himself, including using his ill-gotten gains to further his other crimes including through the purchase of a vehicle and a federal firearms license. And knowing that he was cheating the system and stealing, the defendant lied to Congressman A and his Chief of Staff.

The defendant's crime was not a mistake. It was a conscious disregard of the law. The defendant's conduct is extraordinarily damaging to the public's trust in its government, and particularly damaging to the constituents of Congressman A. When a defendant's crime jeopardizes the public's confidence in the government's ability to faithfully and lawfully spend taxpayer dollars, that crime should be treated seriously. And when that crime victimizes United States citizens, and their elected representative, by stealing tax dollars, the sentence imposed should reflect the crime's significant impact.

Second, the government's recommended sentence will serve as a powerful general deterrent to other Congressional employees considering undertaking similar conduct. The defendant occupied an important, but not unique, position within the government. Each Congressional office must submit PAFs in order for its employees to be paid. Ostensibly, there is an employee in each Congressional office who is responsible for filling out and submitting those PAFs. Employees who occupy those positions, like the defendant, are entrusted with making sure taxpayer dollars are properly and lawfully used. Without meaningful consequences for using that position to steal public funds, public employees similarly situated to the defendant may not be deterred from engaging in similar conduct. The Court's sentence here can be a warning knell for all those public officials who consider using their position in the government to steal taxpayer dollars from the United States Congress.

A sentence of incarceration within the Guidelines range is the appropriate sentence in this case. The defendant has failed to make the necessary disclosures to pretrial including returning the necessary consent forms to obtain his medical records, PSR ¶ 77, school verification, *id.* ¶ 82, verification of employment, *id.* ¶ 84, and credit report, *id.* ¶ 92. These lapses in cooperation with pretrial are concerning and weigh against any term of probation. A term of incarceration would reflect the seriousness of the defendant's criminal conduct that breached the public trust and deter other public officials from using their position to steal public funds.

## V.   CONCLUSION

Based on the applicable Guideline range of 12-18 months and a consideration of the sentencing factors provided in 18 U.S.C. § 3553(a), the government recommends that the defendant be sentenced to a period of incarceration within the applicable Guideline range.

| | |
|---|---|
| COREY R. AMUNDSON<br>Chief, Public Integrity Section | MATTHEW M. GRAVES<br>United States Attorney |
| By: */s/ Nicole Lockhart*<br>Nicole Lockhart<br>Jordan Dickson<br>Trial Attorneys<br>U.S. Department of Justice<br>Criminal Division, Public Integrity Section<br>1301 New York Ave. NW, Suite 1000<br>Washington, D.C. 20530<br>(202) 330-1885 (Nicole)<br>(202) 597-0508 (Jordan) | By: */s/ Molly Gaston*<br>Molly Gaston<br>Assistant United States Attorney<br>Public Corruption and Civil Rights Section<br>U.S. Attorney's Office<br>555 4th St. NW<br>Washington, D.C. 20530<br>(202) 870-6405 |

CERTIFICATE OF SERVICE

I certify that the Government's Sentencing Memorandum was filed by CM/ECF Electronic Filing, which will provide notice to counsel of record for the defendant.

                                            */s/ Nicole Lockhart*
                                            Nicole Lockhart
                                            Trial Attorney

Date: July 21, 2022