UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                 1:22-cr-00119-CJN

  v.

STERLING CARTER,
  Defendant.

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, STERLING CARTER, comes now and submits the following:

**I. Objections to Presentence Report**

The defendant does not object to any fact or factor which would impact the calculation of the appropriate advisory federal sentencing guideline.

**II. Sentencing Factors**

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well.  Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also*

*Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

2

### A. Advisory Sentencing Guidelines

This Honorable Court must consider the advisory sentencing guidelines. The Supreme Court has held that when sentencing, a court must demonstrate that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). " "[A] perfunctory recitation of the defendant's arguments or the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decision making or provide an adequate basis for appellate review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted).Further, the district court must provide some individualized assessment "justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010). A district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017); *Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal citation and quotation marks omitted).

An individualized assessment requires "that district courts consider the defendant's non-frivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Id.* A "'sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority'" by articulating how the sentencing factors apply to the case before it. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Rita*, 551 U.S. at 356).

3

### B. § 3553(a) Sentencing Factors

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a). The defendant submits an application of these factors to the case at bar leads to the conclusion that a sentence within the advisory guideline range (12-18 months) would be greater than necessary.

#### 1. History and Characteristics of The Defendant

The presentence investigative report fairly details Mr. Carter's background. His prior contacts with the criminal justice system are limited. Exclusive of the instant matter Mr. Carter has one single prior conviction. On July 16, 2021, Mr. Carter was sentenced in connection with a violation of the DC Code, namely carrying a pistol without a license. Beyond this event Mr. Carter has no prior arrest of any kind to include traffic infractions. Mr. Carter's lack of any serious criminal history weighs in favor of a more modest sentence than recommended by the advisory guideline range.

As a consequence of his July 16, 2021 conviction for carrying a pistol without a license Mr. Carter was sentenced to a period of probation. It is noteworthy that Mr. Carter has performed well on probation. He is in compliance with his conditions. He has not sustained any new arrest or convictions. We submit that his performance on probation gives this Court confidence that Mr. Carter is amendable to rehabilitation and would be a low risk for non-compliance with any similar sentence imposed.

In connection with Mr. Carter's prior conviction he served a period of 81 days. It must be noted that the offense conduct in the instant matter occurred *prior* to this conviction and imposition

of sentence. No credible argument can be made that Mr. Carter's July 2021 conviction did not serve as a deterrent to the conduct which now brings him before this court. In fact, Mr. Carter's behavior since that conviction demonstrates otherwise. His compliance with those terms of probation and satisfaction of 81 days of incarceration demonstrates again that he fully appreciates the consequences of his criminal conduct and has no intention to repeat such.

2. **Nature of the Offense**

Mr. Carter acknowledges the nature of the offense. He entered a plea of guilty and embraced the statement of offense filed in conjunction with his plea agreement with the government. It is a property offense. The offense does not involve any violent acts. There is no evidence that any firearms or weapons were employed to accomplish the offense. No physical injuries were sustained by anyone. While these undeniable factors do not absolve Mr. Carter from criminal liability the nature of the offense again favors a modest sentence.

3. **Need to Deter**

There is no legitimate reason to believe a lengthy period of incarceration would deter Mr. Carter any further. The consequence and nature of the offense for which he has been convicted serve sufficiently to deter him from any further criminal conduct.

Mr. Carter now stands convicted of a felony federal offense. The Court is all too familiar with the consequences of such. It is something that he will be confronted with for the rest of his life. As a young man still navigating his professional lanes he will forever be limited by the consequences of his youthful acts. Significantly, for Mr. Carter's chosen career path it is particularly impactful. He is a convicted felon. His offense is one which reflects on moral turpitude. The pursuit of a career in politics or consulting in that area is forever impaired.

Again, Mr. Carter's actions since his conviction in the Superior Court for the District of Columbia is instructive on whether he has been sufficiently deterred. Since that time, not only has he avoided any further contacts with the criminal justice system, but he has maintained employment. He has also remained actively engaged in his community in a positive manner. There simply is no reason to believe a sentence within the advisory guideline range is necessary to provide further deterrence.

### 4.  Need to Avoid Unwarranted Disparities

This Honorable Court must remain mindful of the need to avoid unwarranted disparities between similarly situated defendants. In the case at bar, the Court should be mindful that similar situated defendant often receive sentences below the advisory guideline range. This is particularly the outcome when the Court is confronted with a defendant with little to no criminal history who has been convicted of a non-violent offense. As *Defense Exhibit 1* demonstrates District Courts have elected to impose sentences below the advisory guideline range in such situations.

### 5.  Need to Protect the Public

The Court is also guided by the need to protect the public. In doing so, the court is duty bound to consider the likelihood that a particular defendant is likely to re-offend. In that regard, Mr. Carter submits his history and characteristics compared with the United States Sentencing Commission, hereinafter Sentencing Commission, findings gives this Court further confidence that a sentence within the advisory guideline range is simply unwarranted.

Again, it can not be overstated that the offense for which Mr. Carter stands convicted is a non-violent fraud offense. The Sentencing Commision's March 2016 report "Recidivism Among Federal Offenders: A Comprehensive Overview," makes it abundantly clear that offender such as

Mr. Carter are highly unlikely to re-offend. According to the report such offender have a 13.6%



race of recidivism. Again, the data suggests that Mr. Carter's risk for re-offending is relatively low. This further suggests that the need for a sentence within the advisory guideline range is overstated.

    **C.**    **Recommended Sentence**

Mr. Carter submits a sentence of a period of home confinement would satisfy the legitimate goals of sentencing. It would permit Mr. Carter to continue with his employment and not interrupt his path to rehabilitation. Such a sentence followed by a period of supervised release would assure this Honorable Court that Mr. Carter remains committed to such a path.

**III.**    **Conclusion**

Wherefore the defendant, **STERLING CARTER**, respectfully requests that this Honorable Court sentence to a period of home confinement.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street

Case 1:22-cr-00119-CJN   Document 25   Filed 07/23/22   Page 8 of 8

Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant STERLING CARTER

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on July 23, 2022.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant STERLING CARTER

8